UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
ZEV NOJOVITS, individually and on behalf of
all other similarly situated,

                       Plaintiff,                  **MEMORANDUM & ORDER**
                                               22-CV-2833 (PKC) (CLP)

       - against -

CETERIS   PORTFOLIO   SERVICES,   LLC,
d/b/a SRA,

                       Defendant.
--------------------------------------------------------x
PAMELA K. CHEN, United States District Judge:

Plaintiff Zen Nojovits filed this putative class action in federal court on May 16, 2022, alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq*.  On May 25, 2022, the Court ordered Plaintiff to show cause why this case should not be dismissed because Plaintiff had not alleged an injury-in-fact sufficient to establish federal jurisdiction.  Plaintiff responded to the order to show cause on June 2, 2022.  For the reasons explained below, this case is dismissed for lack of jurisdiction.

## FACTUAL BACKGROUND[1]

Some time prior to February 2, 2022, while financing the purchase of a car, Plaintiff incurred a debt to Kia Motors Finance ("Kia"), a non-party to the instant lawsuit.  (Complaint ("Compl."), Dkt. 1, ¶¶ 20–21.)  Kia then contracted Defendant Ceteris Portfolio Services, LLC d/b/a SRA ("Ceteris") to collect the debt.  (*Id.* ¶ 24.)  On or about February 2, 2022, Defendant sent the Plaintiff a collection letter.  (*Id.* ¶ 26.)  The top of the letter states that the "amount past due" is $0, with an interest rate of 0%, interest of $0, late charges of $0, and "other fees" of

---

[1] The following facts are drawn from Plaintiff's Complaint.

$537.56, with a "total amount past due" of $537.56.  (*Id.* ¶ 27–32 & Ex. A.)  The letter left Plaintiff

"confused" and "concerned."  (*Id.* ¶¶ 34–35.)  As a result, Plaintiff "has expended, and continues

to expend, time and money," and has suffered "wasted time and annoyance," as well as "emotional

distress, including, but not limited to, fear, anxiety, stress, increased heartrate, and difficulty with

sleep."  (*Id.* ¶¶ 49–51.)

## PROCEDURAL HISTORY

On May 25, 2022, the Court issued an Order to Show Cause ("OTSC") directing Plaintiff

to

> review this Court's decision in *Wolkenfeld v. Portfolio Recovery Assocs., LLC*, No.
> 22-CV-1156 (PKC) (CLP), 2022 WL 1124828 (E.D.N.Y. Apr. 14, 2022), and the
> cases cited therein, and show cause by written submission why this case should not
> be dismissed for lack of an injury-in-fact; or, in the alternative, voluntarily dismiss
> this case without prejudice to refiling in state court.

(05/25/2022 Order to Show Cause.)

On June 2, 2022, Plaintiff filed a response to the OTSC.  (OTSC Response, Dkt. 5.)

Plaintiff argues that injury-in-fact is plausibly alleged because

> (1) the emotional harm was not asserted in conclusory fashion and was plausibly
> alleged as a physical response manifested as the result of the Plaintiff's reliance on
> the facially fraudulent debt collection Letter; (2) current pecuniary harm, including
> the presumption of dynamic increasing fees as shown in the Letter (Compl., Ex. A),
> is plausibly alleged as the result of the Plaintiff's reliance by inaction concerning
> the facially fraudulent debt collection Letter; and (3) the Plaintiff faced a sufficient
> risk of being harmed by future conversion and then spent time, money and effort
> mitigating the risk.  The harms caused by the Defendant have a close relationship
> to harms traditionally recognized as providing a basis for a lawsuit in America.  The
> common law analogues are the torts of fraud, negligent misrepresentation,
> negligent infliction of emotional distress and conversion.

(*Id.* at 3 (footnotes omitted).)

## LEGAL STANDARD

"It is a fundamental precept that federal courts are courts of limited jurisdiction."  *Owen*

*Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978).  Article III of the Constitution

"confines the federal judicial power to . . . 'Cases' and 'Controversies.'" *TransUnion v. Ramirez*, 141 S. Ct. 2190, 2203 (2021). A case or controversy exists only where a plaintiff has suffered "an injury in fact that is concrete, particularized, and actual or imminent." *Id.* Where a plaintiff lacks an injury-in-fact, the plaintiff lacks standing, and federal courts lack jurisdiction to entertain their claims. *Id.*

Prior to *TransUnion*, many courts assumed that, when Congress created a statutory cause of action, a violation of that statute was sufficient to create an injury-in-fact for purposes of establishing Article III standing. *See Cohen v. Rosicki, Rosicki & Assocs., P.C.*, 897 F.3d 75, 81 (2d Cir. 2018). In *TransUnion*, however, the Supreme Court made clear that, while "Congress may create causes of action for plaintiffs to sue defendants[,] under Article III, an injury in law is not an injury in fact. Only those plaintiffs who have been *concretely harmed* by a defendant's statutory violation may sue that private defendant over that violation in federal court." *TransUnion*, 141 S. Ct. at 2205.

A harm qualifies as "concrete" where it bears "a 'close relationship' to a harm 'traditionally' recognized as providing a basis for a lawsuit in American courts," such as "physical and monetary harms, along with other traditional tangible harms, [as well as] certain intangible harms, such as reputational harm." *Maddox v. Bank of New York Mellon Tr. Co., N.A.*, 19 F.4th 58, 63 (2d Cir. 2021) (quoting *TransUnion*, 141 S. Ct. at 2204). "No concrete harm, no standing," and thus no federal court jurisdiction. *TransUnion*, 141 S. Ct. at 2200. Furthermore, "the party invoking federal jurisdiction bears the burden of demonstrating . . . standing." *Id.* at 2207.

## DISCUSSION

Plaintiff has not demonstrated standing to pursue her claims in federal court, and thus this Court lacks jurisdiction over this action. First, Plaintiff's allegation of "emotional distress, including, but not limited to, fear, anxiety, stress, increased heartrate, and difficulty with sleep,"

are insufficient to establish standing.  (Compl., Dkt. 1, ¶¶ 49–51.)  Plaintiff tries to distinguish this case from *Maddox* and the other cases cited in *Wolkenfield* by pointing to the allegation of specific manifestations of the emotional distress.  (OTSC Response, Dkt. 5, at 3.)  But similar allegations of "great stress, mental anguish, anxiety, and distress," were made in *Maddox*.  19 F.4th at 66. Plaintiff misses the point of what makes these allegations "perfunctory"—namely, that Plaintiff offers no explanation for why the challenged conduct would cause such an extreme reaction: An allegation of emotional distress that is "wholly incommensurate with the stimulant[] is insufficient to plausibly allege constitutional standing."  *Id.*

Second, Plaintiff's argument that she will face "dynamic increasing fees[,] as shown in the Letter (Compl., Ex. A), . . . as the result of the Plaintiff's reliance by inaction concerning the facially fraudulent debt collection Letter," is not "plausibly alleged," as Plaintiff contends.  (OTSC, Dkt. 5, at 3.)  In fact, it is not stated anywhere in the Complaint, and the letter itself—which is attached to the Complaint as Exhibit A—clearly states that the interest rate is 0% and nowhere mentions additional fees for delayed payments.  (Compl., Dkt. 1, Ex. A.)  Furthermore, even if the debt were increasing because of Plaintiff's inaction, the Court would not find that Plaintiff's decision not to pay the debt would confer standing.  Doing so would allow a plaintiff to manufacture standing through a self-inflicted injury even when the plaintiff is well aware of her debt obligation.

Third, Plaintiff's argument that she "faced a sufficient risk of being harmed by future conversion and then spent time, money and effort mitigating the risk" is also insufficient to confer standing.  (OTSC Response, Dkt. 5, at 3.)  Plaintiff appears to be latching onto the statement in *Wolkenfield* that "spending time and money because of mere concern and confusion [] are not sufficiently concrete unless they are inextricably bound up in a cognizable injury, such as where a

plaintiff *faces a sufficient risk of harm*, *and then* spends time, money, and effort mitigating that risk." *Wolkenfeld*, 2022 WL 1124828, at *2 (internal quotation marks and brackets omitted) (collecting cases). But arguing that "future conversion" is a sufficient risk of harm is plainly inadequate, because that risk was attendant in *Wolkenfeld* and the relevant cases cited therein. Plaintiff stating that such a risk of harm is a *sufficient* risk of harm does not make is so.

Likewise, Plaintiff's bald assertion that Plaintiff's harms "have a close relationship to . . . the torts of fraud, negligent misrepresentation, negligent infliction of emotional distress and conversion," does not make it so. (OTSC Response, Dkt. 5, at 3.) These purported analogues have been asserted and rejected in numerous nearly identical FDCPA cases. Plaintiff has not attempted to explain how the particular allegations in this case plausibly allege all of the elements of any of those torts, let alone do so adequately enough to convince the Court that she has standing, and thus Plaintiff has not carried her burden of demonstrating standing. *See TransUnion*, 141 S. Ct. at 2207.

Finally, the Court notes that Plaintiff is not without remedy; she may pursue her claims in state courts, which "are not bound to adhere to federal standing requirements." *Maddox*, 19 F.4th at 66 & n.4 (quoting *ASARCO Inc. v. Kadish*, 490 U.S. 605, 617 (1989)).

## CONCLUSION

For the reasons explained above, this case is dismissed for lack of subject matter jurisdiction. The Clerk of Court is respectfully directed to enter judgment accordingly.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: June 7, 2022
Brooklyn, New York